**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**JEFFERSON CLAYBORN**  PETITIONER

**V.**  **CIVIL ACTION NO. 1:17CV120-NBB-DAS**

**LOWNDES COUNTY MISSISSIPPI, ET AL.**  **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

Petitioner Jefferson Clayborn ("Clayborn") has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as time-barred, and despite having been afforded time to do so, Clayborn has failed to respond. This matter is ripe for consideration.

**Facts and Procedural Background**

In November 2009, Clayborn pleaded guilty to robbery in the Circuit Court of Oktibbeha County, Mississippi, in Cause No. 2009-031-CR. Doc. #10-1. He was sentenced to serve a term of five (5) years in the custody of the Mississippi Department of Corrections ("MDOC") with his sentence "to run consecutively with the sentences imposed in 2008-0165-CR[1]," along with five (5) years of post-release supervision. Doc. #10-1. According to Clayborn, he was released on early release supervision on or about June 6, 2014. *See* Doc. #1 at 1. Thereafter, Clayborn pleaded guilty to being a felon in possession of a firearm in Lowndes County Circuit Court in Cause No. 2015-0293 and was sentenced by Order filed February 17, 2016, to serve a term of ten (10) years —four (4) suspended and six (6) to serve — in the custody of MDOC. Doc. #10-3. Following a hearing on the State's petition, Clayborn's post-release supervision in Oktibbeha

---

[1] Clayborn pleaded guilty to Burglary of a Dwelling and Grand Larceny in Oktibbeha County Cause No. 2008-0165 and was sentenced by Orders filed November 5, 2009, to serve three (3) years on each count. Doc. #10-2 (cumulative exhibit).

County Cause No. 2009-031-CR was revoked by Order filed May 12, 2016, and Clayborn was ordered to serve the remaining portion of his sentence in the custody of MDOC. Doc. #10-4.

Clayborn filed his federal habeas petition on or about July 17, 2017. Doc. #1. Although Clayborn references several different convictions in his petition, he complains of the legality of his Lowndes County sentence. Doc. #1 at 3. Therefore, this Court construes the instant petition as a challenge to the conviction against Clayborn in the Circuit Court of Lowndes County, Mississippi. *See* Doc. #7.

**Law and Analysis**

The issue of whether Respondents' motion should be granted turns on 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). In "rare and exceptional circumstances" the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

Under Mississippi law, there is no direct appeal from a guilty plea taken after July 1, 2008. *See* Miss. Code Ann. § 99-35-101; *see also Seal v. State*, 38 So. 3d 635 (Miss. Ct. App. 2010). Therefore, Clayborn's Lowndes County conviction became final on February 17, 2016, the date he was sentenced on his guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003) (holding that a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review"). Absent any applicable statutory or equitable tolling, Petitioner's federal habeas petition was due on or before February 17, 2017.[2]

Clayborn signed his petition on July 17, 2017, and it was stamped "filed" in this Court on July 18, 2017. Under the "mailbox rule," a petitioner's *pro se* petition for a writ of habeas corpus is deemed filed on the date it is delivered to prison officials for mailing. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Even assuming Clayborn's petition was filed the day it was signed, the instant petition was still filed well beyond the February 17, 2017, deadline.

Clayborn does not allege, and the Court does not find, that he has sought post-conviction relief with the Mississippi Supreme Court. Therefore, the limitation period for federal habeas purposes has not been tolled during the pendency of any State post-conviction procedures brought by Clayborn or on his behalf, and he cannot avail himself of the tolling provision in § 2244(d)(2). Additionally, Clayborn has not presented the Court with any argument that equitable tolling is applicable in this action, and the Court finds that it is not. *See, e.g., Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (noting that the exception "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights"). Therefore, the Court finds that neither statutory nor equitable tolling are appropriate in this action, and the instant petition is untimely.

---

[2] The exceptions of § 2244(d)(1)(B)-(D) are inapplicable in this case.

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon entry of a final order adverse to the petitioner. A petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which is accomplished by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying the *Slack* criteria, the Court finds that a COA should be denied in this case.

## Conclusion

The Court finds that the instant petition is untimely under § 2244. Therefore, the Court **GRANTS** Respondents' motion to dismiss [10] and **DISMISSES** the petition with prejudice. A certificate of appealability is **DENIED**. A final judgment in accordance with this memorandum opinion and order will issue today.

**SO ORDERED** this 1st day of November, 2017.

/s/ Neal Biggers
**U.S. DISTRICT JUDGE**